All right. Our second case this afternoon is number 20-1098, Cortes v. BJ's Wholesale Club, et al., Mr. Holtz and Mr. Woods. Mr. Holtz? Good afternoon, Your Honors. May it please the Court, Jonathan Holtz for the appellant. I respectfully request to reserve four minutes for rebuttal. No problem. Your Honors, this matter essentially involves two issues. One, did the District Court err in failing to appreciate that the nature and condition of the foreign substance can raise a genuine issue of material fact to prevent summary judgment? And two, did the District Court err in its consideration of whether there were genuine issues of material fact raised by the plaintiff's unopposed Rule 56.1 counterstatement of material facts? Starting with the first point, now the facts are not in dispute. This issue arose when BJ's permitted a flatbed cart covered with snow and ice to remain in an aisle long enough to melt and form a two-and-a-half-foot-wide puddle on the floor. We got the facts. It's an interesting first-year law school case in Torts. But much of the case law you cite involves substances that are drying or ice melting. I don't know of any case that necessarily has snow melting. And doesn't that happen much more quickly than ice or when a substance dries? That would seem to take a long time. Sure. Well, Your Honor, I can divide it into congealing cases, which were one point in my brief, set forth just to set that the nature of the condition can in and of itself raise these issues. And the second are frozen sort of beverages, frozen substances melting. Whether snow and ice have a particular distinction is something that BJ's is free to argue to the jury. However, it's a genuine issue of material fact based on the fact that these conditions need time in an aisle without being moved to melt into a two-and-a-half-foot-wide puddle. So it was not bringing the cart in with snow on it that created this, at that time, the dangerous condition. It was after the snow started to melt. Is that not correct? Because when the cart was brought in, there was no dangerous condition yet created. Your Honor, the dangerous condition would be the water on the floor. Had it not melted enough time to get on the floor, it would not have caused the fall. So I would agree the dangerous condition was the puddle. You know, there's not a whole lot of New Jersey case law in the briefs. And we did some of our own research. We found some cases where at least the New Jersey Superior Court has declined to draw time differences based on the condition of certain substances, such as potholes. That's irrelevant here. Or black ice, which could be relevant. A case called Alicia v. City of Patterson, and then also later another case called Merrim. Are those cases distinguishable, or do you think there's some general indication in New Jersey courts that they're disinclined to draw time differences or inferences based on the condition of the hazards? Your Honor, I certainly feel they're distinguishable. The concept of black ice outdoors with ambient temperatures, it goes well beyond the idea of an indoor setting with ice or frozen drinks permitted to last long enough to form a puddle in that exact location. It's a lot more straightforward than all the things that go into a black ice condition outdoors. It's still something that has to happen over a course of time, and they don't seem to be quite as willing as I thought they might be to deal with temporal inferences. Your Honor, I feel that the amount of time, if you say it's a substantial amount of time required, that would inure to my benefit on my arguments, because the more time it takes to melt this puddle, the more constructive notice on BJs. Can you say that again? Isn't it that the more time it takes to melt that your client has constructive notice because the snow's on the cart right in front of her? Yeah. The more time, the more constructive notice. I agree. Yeah. And the question here is if it's snow, snow can, when it comes indoors and it's like 70 degrees, can melt very quickly. Perhaps, Your Honor, and that's up for the jury to determine whether it was of sufficient time to put the store on notice. All right. I have a suggestion. Why don't we hear from Mr. Watson, then we'll give you additional time if you need it on rebuttal. Very well, Your Honor. Would Your Honors first like me to address the Rule 56.1 arguments or address those on rebuttal? Do it right now, quickly. You can do it right now if you'd like. It's fine. Sure, Your Honors. This is essentially an issue of the Third Circuit's ambiguity they've raised before whether while there is a requirement that the non-moving party respond to a statement of material facts or have them deemed admitted, it's ambiguous whether there's a reciprocal requirement. I would argue that there is, in this matter, it's a distinction without a difference because if Your Honors find that there is a reciprocal requirement, then the court failed to deem admitted plaintiff's unopposed counterstatement of material facts. However, if Your Honors find that there is no reciprocal requirement, what we're left to it is plaintiff having an unopposed properly supported counterstatement of material facts, which needed to be viewed in a light most favorable to plaintiff, thus effectively deemed admitted anyway. So I would argue that whether Rule 56.1 is found to have an express reciprocal requirement or not does not change the fact that here, no matter which way you look at it, the district court was required to honor the plaintiff's unopposed properly supported counterstatement of material facts, and especially not to reach diametrically opposed facts that are not supported by either party's facts. But these facts, are they really relevant? Are they the key facts that we need to decide whether this was a dangerous condition that there should have been constructive notice of? No, Your Honor. It's just a secondary argument. The primary argument being the melted puddle. The secondary argument being that there were genuine issues of material fact regarding the efforts that they had in place. Are those issues really material? I mean, they're prejudicial, perhaps, but not material. Your Honor, whether or not they're material will depend on your decision, so I have to make my arguments. Rule 56.1 provides that facts in a summary judgment brief will be deemed admitted if they are not responded to in an opposition brief, but it doesn't say anything about what happens when a reply brief fails to respond directly to facts included in a supplemental statement of disputed material facts in an opposition brief. So it seems to me that you're arguing by analogy to Rule 56.1A as opposed to what the rule actually says. Your Honor, it was the Third Circuit that found it ambiguous whether the exact application in this situation. My argument is simply whether you find it to be an express holding in the rule or whether you find that there's no express holding in the rule, it doesn't matter. should have honored plaintiff's unopposed counterstatement of material facts, whether they were required to be opposed or if not deemed admitted per the rule, or whether they were just unopposed counterstatement of material facts, which needed to be viewed in a light most favorable to the plaintiff on a summary judgment motion. Even if that's correct, I can use my own analogy by going back to what Judge Roth just said. When asked what you're talking about here as supposedly being admitted is relevant, wouldn't it have likely minimal effect on the constructive notice analysis? Your Honor, just playing it forward, if your honors were to disagree with me on my arguments regarding the nature and condition of foreign substances, then setting that aside, I would argue there were still genuine issues of material fact precluding summary judgment in this matter based on plaintiff's unopposed counterstatement of material facts and the genuine issues of material fact they raise regarding BJ's actions and BJ's policies and procedures in this matter. Okay. Any further questions under the local rule 56.1? No. If not, then we will get you back on rebuttal. Thank you, your honors. Mr. Holtz. Mr. Woods? Good afternoon. Again, my name is John Woods. May it please the court. I want to start with when I first read plaintiff's brief, the first thing that jumped off the page to me is we have an Erie v. Tompkins issue here. Since 1938, in cases with diversity jurisdiction, state court substantive law applies. Federal procedure law applies. When I read through plaintiff's brief or appellant's brief, not a single case cited New Jersey substantive law. So what we're left with is substantive law from other jurisdictions, Louisiana, Maryland, Connecticut, and different places. So none of them are applying or have an analysis of New Jersey substantive law, which is what's at play here. But might they be supported by at least some aspects of New Jersey law, for example, the Tua case? To a certain extent, your honor. But, you know, again, the New Jersey Supreme Court, Superior Court, no case law that we found specifically says that the nature and character of snow on a cart that's left to melt for a period of time constitutes constructive notice. And your honor made the point of snow coming into a warm building is going to melt much quicker than an ice cube or something else. The things that weren't established in this case beyond that were we don't know when that cart came into the building. We don't know who brought the cart into the building. We don't know how long it was walked around the building before it was left in that aisle. We don't know how long it was sitting in that aisle before Ms. Cortez came and slipped and fell. We know that it was sitting there long enough to create a two foot puddle. We do, but we don't know how long it took for that snow, which had been warmed by walking through the store, how long it took to create that two foot puddle. So that seems to be a jury question, isn't it? Well, it's not, your honor, because again, plaintiffs have the burden to establish some evidence of constructive notice that's sufficient to get to the jury. And they haven't established how long that snow or that cart was in that aisle to create that type of puddle. So that's why you have that's why you have experts at trial. Well, and I'm glad your honor raised the expert issue. You know, there was an expert in this case on plaintiff's side. We filed a motion in limine under Daubert to preclude that expert. That motion was never reached by Judge Wigginton because she found that what plaintiff's expert did, you know, three years after the accident, didn't address the specific issue of constructive notice, which is what she based her decision on. So the experts can't answer that question of how long did that substance exist prior to plaintiff's fault. They, you know, none of the experts who examine the evidence years later can say with any certainty that, you know, it existed for a sufficient period of time that BJ should have known about. And that's what this case comes down to is there is no evidence in this case that the water in that aisle existed for a sufficient period of time that BJ's should have known about. We're talking about a large warehouse box, you know, big box store. There's evidence in the record that BJ's does have policies and procedures for inspections. They have, you know, and Judge Wigginton addressed a lot of those in her opinion, you know, noting that, you know, for instance, there's a recovery team. There are specific employees who are, their only job is to go up and down the aisles and make sure that things are safe and to recover those aisles and change our product. So, again, there's nothing in the record to establish that the substance existed for a sufficient period of time that BJ's should have known about it and should have corrected it. But there's nothing in the record that necessarily establishes it the other way. But it's not defendant's burden to establish that, Your Honor. It's plaintiff's burden to establish. But when you look at, and admittedly, these are district court cases interpreting New Jersey law. Capaldi says that a frozen product that appeared in melted form for the plaintiff fell combined with other evidence was sufficient to defeat a motion for summary judgment. Well, and Capaldi, I can speak directly to since it was one of my cases. Capaldi was different. Capaldi, we're talking about a frozen product. So this was something that was in the freezer, a frozen product in packaging. And what the Judge Hillman in that case held was because it was a frozen product that melted through the packaging, that was sufficient evidence that the product existed for a sufficient period of time. It's distinguishable from here where we're talking about, again, a cart that had snow on it that had been walked from the outside inside. But we don't know how long it had been walked around the building warming up until it got to the spot where it was eventually left. And we don't know how long it took for the snow to melt. Now, in Capaldi, a plaintiff had an expert, and their expert testified that based on testing he did, it would have taken up to eight hours for that product to have melted through the packaging. So, you know, it's very different than here where we're talking about snow and ice on top of a cart. But at the same time, all of us are very familiar. This is not Florida or Hawaii. We're familiar with snow and melting snow. And we can form our own estimate from general knowledge that to create a two-foot puddle from melted snow, when it's going down drip, drip, drip, is going to take a fair considerable amount of time. And the plaintiff is saying the nature of this substance is sufficient. The nature of the substance plus the dirtiness of the water is sufficient to demonstrate, to satisfy our burden of proof. And, Your Honor, again, I would disagree with that because, again, there is no expert testimony. There's no testimony. I'm saying you don't need expert necessarily when you're dealing with melting snow in an area where you get snow in the winter. Well, and I get that, but it's, you know, melting snow that had been walked around the store before it was left on a cart in an aisle. Does that take 30 seconds? Does that take a minute? Does that take 10 minutes? There's no evidence of that here. So, and without that evidence. I know from common sense that it's going to take a lot more than 30 seconds to create a two-foot puddle. It's going to take a lot more than a minute. Well, not if that water or that cart had been walked around the store for 10, 15 minutes before it was abandoned. So, there's no evidence of that here. We don't know how long that cart was walking around the store before it was abandoned in that aisle. So, again, there's no evidence of duration that would be sufficient to find constructive notice on the part of the defendant here. Do we even know, do we know if the puddle was formed by the snow dripping off the cart or did a chunk of snow get, you know, fall off the cart and then melt on the floor? Your Honor, we don't know. And that's part of the argument here is we don't know. There's no evidence of that. We don't know if the water actually dripped off the cart or another customer came by and spilled water on the floor. There's no evidence either way. You know, everyone in this case has said, well, there's a cart that had snow on it. We assume that that's where the water came from. But nobody's established that that's where the water came from. So, there's no evidence, there's really no evidence that the water came from the cart to begin with, nor is there evidence of how long it took for that water, if it did come from the cart, to drip off and create this puddle. I mean, the problem that I have, at least working generally, when you look at going back to some of the district court cases concerning New Jersey law, for example, the Benton Court case, I think it's versus Home Depot, said that New Jersey courts have recognized that typically constructive notice is an issue of fact left for a jury's determination. This is a constructive notice case. And typically, it is resolved, it goes to a jury. And you're saying, no, that shouldn't happen here because the record doesn't give you any indication that there is anything that leads to constructive notice, and that I'm having trouble buying. Well, Your Honor, it's, again, the argument, and what Judge Wigginton held, is she held that reasonable minds could not differ based upon the factual record before her. That there was no evidence that any of BJ's policies and procedures as it related to safety and inspections were taken off, that they weren't performed. And there's no evidence of how long that substance had been ignored. So she looked at, there were no track marks walking through it. There were no, you know, footprints going through it. There were no other of the typical indicia of duration involved here of, you know, so again, if you have a puddle in the store, and you have cart marks through it, you have, you know, people walking through it, or in the cases cited from other jurisdictions, it looks like it started to dry. You know, that's evidence of duration that the courts will look at and say, all right, well, that's enough to get past summary judgment, we'll leave it to the jury. Here, again, we have no evidence of when that cart came into that aisle and started to melt. We have no evidence of whether or not that cart had walked throughout the entire store warming up before it was abandoned. There's just no evidence of that here. I know I'm running short on time, Your Honor, so I'm happy to address this, or if you'd like me to address the real question. Why don't you just, we're over, but why don't you take a couple minutes to deal with the Rule 56 issue? Thank you. So the, you know, we laid this out, I think, fairly well in the papers, but Your Honor's right. The penalty for failing to respond to a statement of material facts for a non-moving party is that they're going to be deemed admitted. The statute is silent, or the rule is silent, as to the punishment for a moving party to not respond to the counterstatement of facts. Statutory interpretation, it's not there, and so we're going to say that the drafters of the rule intended it not to be there, you know, and so it's not part of the rule. Even if, however, and we cited the case of Boswell v. Eoon, the District of New Jersey has said, even in the first instance where a non-moving party fails to respond to the moving party statement of facts, that even the rule says it's mandatory, we're going to deem them admitted. And we're only going to do that if they're not addressed in the other papers. So, you know, and they cited the Lorenzo v. Griffin case, Griffith rather, as well as the Longoria v. New Jersey case. And Longoria says, because the non-movement has not submitted an opposition 56.1 statement, the movement's 56.1 factual statements would be deemed admitted unless, quote, disputed by the non-movement in his briefs or contradicted by the evidence. So the District of New Jersey has addressed this, even when you have that mandatory language saying it's going to be deemed admitted, except only if, you know, those statements of material fact are not disputed in the other papers. So in this case, the failure to respond to plaintiff's counterstatement of facts does not deem them admitted. But even if they did, the counterstatement of facts doesn't address, it doesn't go to the heart of the issue that was before Judge Wiginton, is whether or not plaintiff had to do sufficient evidence of constructive notice on the part of the defendant. So even if they're deemed admitted, it's really of no moment, because it didn't address the specific issue before the court in deciding the motion for summary judgment. Thank you very much. Judge Roth, Judge Porter, any further questions? No. No, no further. Thank you. We'll hear back from Mr. Holtz on rebuttal. Your Honor, I did want to address something my adversary mentioned. He said Judge Wiginton noted the, what I'll quote as, quote, typical indicia of duration, end quote, by citing things like track marks through the puddle. As I cited in my brief, there's another typical indicia, and that is dirtiness. Dirtiness has been noted by the courts to be one of many, or one of multiple typical items that you see with extended duration at a particular location. Isn't there a material issue of fact in that the husband said the water was clear and the wife said it was dirty? Your Honor, there are multiple genuine issues of material fact, including that, which makes it a jury question. Okay. Next, going to my adversary mentioned that BJ's policies and procedures, and they were set forth in his brief, and that should be used as their opposition to plaintiff's counterstatement of material fact. All that did is create more genuine issues of material fact. They're contradicting their own operations manager's testimony set forth in our counterstatement of material fact. I also wanted to address, there was a lot of back and forth about we don't know exactly how the water got on the ground. Well, first of all, the district court held or acknowledged that it was plaintiff's position that the cart had remained in the aisle long enough, I'll quote, The cart had been allowed to remain in the aisle long enough for snow to melt to cause a two foot wide puddle to accumulate on the ground. So for purposes of the summary judgment motion, that's how the judge was viewing the facts. So whether it melted completely in another portion of the store and was only there for a couple minutes, that's a new issue raised on appeal. That is not how the district court viewed the evidence in this matter. Is that how the court did the evidence or was the court just restating your client's allegation? Your Honor, that's how the court recounted what plaintiff was asserting and they put that in the opinion. And then they went on to say that they found this to be, quote, an unsupported allegation, which, even if true, fails to create a genuine issue of material fact as to defendants constructive knowledge of the hazard, end quote. So what we have is for purposes of appeal, it is plaintiff's argument, which the trial court accepted that this cart remained in this aisle long enough to drip into a two foot wide puddle. And that's what the court based its decision on, that it was an unsupported allegation, which, even if true, fails to raise a genuine issue of material fact as a constructive notice. So if arguments are going to be made that it melted somewhere else around the store, that's fine for trial. We'll deal with it then, but it's not before this court on this appeal. I don't think we have any further questions. Counsel, unless you have anything further to say, I'll give you 30 seconds to sum up if you wish. Yes, Your Honor, I would argue that the district court erred by not considering the nature and condition of the genuine issue of material fact. The nature being snow melting into ice and the common knowledge of how long that takes. The condition being that it also became dirty, which is a typical indicia of duration. Additionally, the court failed to consider the genuine issues of material fact raised by plaintiff's unopposed counter statement of material fact. Whether or not Rule 56.1 requires a reciprocal deeming admission, even if not, it was required to be viewed in a light most favorable to plaintiff, which it was not. All right, thank you very much. Thank you to both counsel for well presented arguments, and we'll take the matter under advisement. Thank you. Thank you.